Andrew Crocker (SBN 291596)
andrew@eff.org
Aaron Mackey (SBN 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>                     Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br><br>                     Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the release of records that Plaintiff requested from Defendant United States Department of Justice (DOJ) concerning the review of National Security Letter (NSL) nondisclosure orders under the Federal Bureau of Investigation's (FBI) termination procedures.

**PARTIES**

2. Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to

act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3. Defendant Department of Justice (DOJ) is an agency of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation (FBI) is a component of Defendant DOJ.

## JURISDICTION

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is headquartered.

## FACTUAL ALLEGATIONS

**The USA Freedom Act Requires FBI Review of NSL Nondisclosure Orders**

7. The NSL statutes[1] authorize the FBI (and other authorized agencies) to send NSLs requesting information relevant to national security investigations. NSLs generally prohibit the recipient from disclosing any information about the request, including that the recipient received an NSL, based on a certification by an FBI official that "that the absence of a prohibition of disclosure" may result in one of several enumerated harms. *See, e.g.,* 18 U.S.C. § 2709(c)(1)(B). NSL nondisclosure orders have no fixed duration and may last indefinitely. Since 2001, the government has issued almost 500,000 NSLs, and continues to issue more than 12,000 each year.[2]

---

[1] 12 U.S.C. § 3414; 15 U.S.C. § 1681u-v; 18 U.S.C. §§ 2709, 3511; 50 U.S.C. § 3162.

[2] DOJ, Office of the Inspector General ("OIG"), *A Review of the Federal Bureau of Investigation's Use of National Security Letters: Assessment of Progress in Implementing Recommendations and Examination of Use in 2007 through 2009* at 65 (2014), available at https://oig.justice.gov/reports/2014/s1408.pdf ("2014 OIG Report") (chart showing NSLs issued 2003-2011); *Liberty and Security*

8. NSLs are a matter of significant public controversy. This Court has recognized that the gag orders that accompany NSLs are "especially problematic in light of the active, continuing public debate over NSLs, which has spawned a series of Congressional hearings, academic commentary, and press coverage." *In re National Sec. Letter*, 930 F. Supp. 2d 1064, 1076 (N.D. Cal. 2013). Furthermore, NSL nondisclosure orders prevent recipients from participating in the public dialogue on governmental surveillance and from making true and complete reports to customers, investors, and legislators. *See, e.g., Twitter v. Sessions*, No. 14-cv-4480 (N.D. Cal.) (Twitter seeking to publish transparency report including number of NSLs received).

9. Prior to 2015, the NSL statutes had no requirement that the FBI review NSL nondisclosure orders after any length of time to determine whether the FBI still believed recipients should remain gagged.

10. NSL nondisclosure orders have been subject to several constitutional challenges, and at least three courts have held that the nondisclosure orders authorized by prior versions of the NSL statute violated the First Amendment.[3]

11. In response to public pressure and adverse court rulings, Congress enacted the USA FREEDOM Act of 2015, Pub. L. 114-23, 129 Stat. 268 (2015) (USA FREEDOM). The Act included reforms designed to address constitutional defects in the NSL statutes.[4] The constitutionality of the

---

*in a Changing World: Report and Recommendations from the President's Review Group on Intelligence and Communications Technologies* at 91-93 (2013) ("President's Review Group") (number of NSLs issued in 2012), *available at* http://www.whitehouse.gov/sites/default/files/docs/2013-12- 12_rg_final_report.pdf; 2013: ODNI Transparency Report (June 26, 2014), https://icontherecord.tumblr.com/transparency/odni_transparencyreport_cy2013 (NSLs issued in 2013); ODNI Transparency Report 2014 (Apr. 22, 2015), https://icontherecord.tumblr.com/transparency/odni_transparencyreport_cy2014 (NSLs issued in 2014); ODNI Transparency Report 2015 (May 2, 2016): https://icontherecord.tumblr.com/transparency/odni_transparencyreport_cy2015 (NSLs issued in 2015); ODNI Transparency Report 2016 (May 2, 2017): https://icontherecord.tumblr.com/transparency/odni_transparencyreport_cy2016 (NSLs issued in 2016).

[3] *See, e.g., Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008), *aff'g in part Doe v. Gonzales*, 500 F. Supp. 2d 379 (S.D.N.Y. 2007); *In re National Sec. Letter*, 930 F. Supp. 2d at 1076.

[4] *See* H.R. Rep. No. 114-109, at 24 (2015) (stating that changes to NSL nondisclosure order procedures in the Act were intended address constitutional deficiencies in the NSL statutes noted by *Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008)).

amended statutes is the subject of ongoing litigation. *See Under Seal v. Sessions*, Nos. 16-16067, 16-16081, 16-16082 (9th Cir.).

12. One such reform required the FBI to "review at appropriate intervals" NSL nondisclosure orders to determine whether the underlying facts still supported preventing the NSL recipient from disclosing the nature or existence of the NSL, and to "[terminate] such a nondisclosure requirement if the facts no longer support nondisclosure." USA FREEDOM, §502(f).

13. Pursuant to this mandate, the FBI developed procedures (NSL Review Procedures) that "govern the review of the nondisclosure requirement in NSLs and termination of the requirement when the facts no longer support nondisclosure."[5] The NSL Review Procedures require the FBI to terminate nondisclosure at the three-year anniversary of the initiation of a full investigation involving an NSL and/or the close of such an investigation "unless the FBI determines that one of the statutory standards for nondisclosure is satisfied."[6] The FBI published the NSL Review Procedures in November 2015, and they became effective in February 2016.

14. The DOJ has argued that the NSL Review Procedures remedy constitutional defects in the NSL statutes.[7] The nature and efficacy of these procedures is therefore of great importance to the public debate surrounding NSLs.

15. According to the NSL Review Procedures, records related to the FBI's review of NSLs under the NSL Review Procedures are stored "in the FISA Management System (FISAMS) and the FBI's central recordkeeping system and any successor systems."[8] The FBI developed the National Security Letter subsystem (NSLS), part of FISAMS, in response to findings by the DOJ's Office of the Inspector General that the FBI's recordkeeping about NSLs was inaccurate and incomplete.[9] According to Inspector General reports, NSLS automatically generates emails and other

---

[5] Termination Procedure for National Security Letter Nondisclosure Requirement, FBI, *available at* https://www.fbi.gov/file-repository/nsl-ndp-procedures.pdf/view ("NSL Review Procedures").
[6] *Id.* at 2.
[7] Gov't Br. at 46-47, *Under Seal v. Lynch*, Dkt. No. 52, No. 16-16082 (9th Cir. Dec. 9, 2016).
[8] NSL Review Procedures at 4.
[9] DOJ, Office of the Inspector General ("OIG"), A Review of the Federal Bureau of Investigation's Use of National Security Letters: Assessment of Progress in Implementing Recommendations and

records, including "automatically captur[ing] all data points necessary for congressional reporting."[10]

16. According to the NSL Review Procedures, whenever an investigation involving an NSL that includes a nondisclosure order closes or reaches the three-year anniversary of its initiation, the FBI's recordkeeping system will generate an electronic notice for the agent assigned to the investigation.[11] The electronic notice indicates that the investigating FBI agent must review whether the nondisclosure order accompanying the NSL remains necessary. The electronic communications documenting NSL nondisclosure determinations generated by FISAMS are later "serialized" into the FBI's central recordkeeping system.[12] The NSL Review Procedures call for annual audits of compliance with NSL Review Procedures, including recordkeeping requirements.[13]

17. Since 2015, the FBI's NSL Review Procedures have resulted in termination of nondisclosure orders associated with several NSLs. Recipients of these NSLs, including Google, Yahoo, Twitter, CREDO Mobile, and Cloudflare, received and later published notices from the FBI stating that the Bureau reached a decision to terminate an NSL nondisclosure requirement in whole or in part pursuant to its termination procedures.[14]

**Plaintiff's FOIA Requests**

18. In an email dated September 7, 2016, Plaintiff filed a FOIA request with the FBI, a component of Defendant DOJ, for records related to the NSL Review Procedures (Sept. 7 FOIA).

---

Examination of Use in 2007 through 2009, at 12 (2014) ("2014 OIG Report"), available at https://info.publicintelligence.net/DoJ-NationalSecurityLetters-2007-2009.pdf.
[10] *Id.* at 19, 38.
[11] NSL Review Procedures at 2-3.
[12] *Id.* at 4.
[13] *Id.*
[14] *See* Richard Salgado, *Sharing National Security Letters with the public*, Google (Dec. 13, 2016), https://blog.google/topics/public-policy/sharing-national-security-letters-public; Chris Madsen, *Yahoo Announces Public Disclosure of National Security Letters*, Yahoo (June 1, 2016), https://yahoopolicy.tumblr.com/post/145258843473/yahoo-announcespublic-disclosure-of-national; Elizabeth Banker, *#Transparency update: Twitter discloses national security letters*, Twitter (Jan. 27, 2017), https://blog.twitter.com/2017/transparency-update-twitter-discloses-national-securityletters; Notice Concerning National Security Letter, *In re NSLs*, Dkt No. 77, No. 1616067 (9th Cir. Mar. 20, 2017); Kenneth R. Carter, *Cloudflare's Transparency Report for Second Half 2016 and an Additional Disclosure for 2013*, Cloudflare (Jan. 10, 2017), https://blog.cloudflare.com/cloudflares-transparency-report-for-second-half-2016-and-anadditional-disclosure-for-2013-2/.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

19. The Sept. 7 FOIA request sought records created pursuant to the published procedures and recordkeeping protocols described in paragraphs 15-16.

20. Specially, the request sought:

- The total number of NSLs reviewed under the termination procedures, including the number of NSLs reviewed upon the close of an investigation and the number of NSLs reviewed on the three-year anniversary of the initiation of a full investigation.

- The number of notifications issued by the FBI's case management system indicating that a review of an NSL is required by the termination procedures.

- The number of NSLs reviewed under the termination procedures for which the FBI has determined to continue the nondisclosure requirement.

- The number of NSLs reviewed under the termination procedures for which the FBI has determined to terminate the nondisclosure requirement.

- Any and all records showing the length of time between when the FBI's case management system notifies agents that an NSL must be reviewed under the termination procedures and the date upon which such review is completed.

- The number of termination notifications the FBI has issued to NSL recipients, officers, employees, or agents thereof, or any applicable court upon finding that the nondisclosure of an NSL is no longer necessary.

- Guidance, directives, memoranda, or other instructions for using the NSLS, the FISAMS, or any other systems to review NSL nondisclosure orders pursuant to the FBI's termination procedures.

21. In the Sept. 7 FOIA, Plaintiff also sought the media fee waiver and public interest fee waiver for its request pursuant to the FOIA, 28 C.F.R. § 16.10(b)(6), and 28 C.F.R. § 16.10(k)(1).

22. On March 7, 2017, Defendant provided its final response to the Sept. 7 FOIA via letter. Defendant stated in its final response that it was "unable to identify main file records responsive to the FOIA." Defendant declined to adjudicate Plaintiff's requests to be granted a fee reduction as a member of the news media and a public interest fee waiver.

23. On April 18, 2017, Plaintiff filed an administrative appeal of Defendant's final response via mail and Defendant's online FOIA portal (April 18 Appeal). Plaintiff appealed on grounds that Defendant had failed to conduct an adequate search for records responsive to its Sept. 7 FOIA request and that Defendant had improperly withheld records under FOIA.

24. In the April 18 Appeal, Plaintiff indicated that responsive records should exist in connection with the publicized NSL termination notifications cited in paragraph 14 and with the data management systems cited in paragraph 15.

25. In the April 18 Appeal, Plaintiff also appealed Defendant's determination that it was unnecessary to adjudicate Plaintiff's requests to receive news media fee status and a public interest waiver of all fees.

26. Defendant has not responded to Plaintiff's April 18 Appeal.

27. Plaintiff has exhausted all applicable administrative remedies.

28. Defendant continues to wrongfully withhold the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

29. Plaintiff repeats and realleges paragraphs 1-28.

30. Defendant has wrongfully withheld agency records requested by Plaintiff by failing to conduct an adequate search for records responsive to Plaintiff's request and by failing to produce all records in the agency's possession responsive to Plaintiff's request.

31. Defendant has wrongfully denied Plaintiff's request for a news media fee reduction and a public interest fee waiver under FOIA.

32.     Plaintiff has exhausted applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

33.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

34.     order Defendant and its components to process immediately the requested records in their entirety;

35.     order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff;

36.     order Defendant to waive all fees associated with the processing and release of the requested records;

37.     provide for expeditious proceedings in this action;

38.     award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

39.     grant such other relief as the Court may deem just and proper.

DATED:  June 7, 2017

By   /s/ Andrew Crocker
Andrew Crocker
Aaron Mackey
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
andrew@eff.org


Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION